9/25/2017 11:15 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-17-003504
Carrisa Escalante

CAUSE NO. <u>D-1-GN-17-003504</u>

| | | |
|---|---|---|
| **ANGEL IRVIN, Individually and as** | § | **IN THE DISTRICT COURT** |
| **Next Friend of MCKAYLA IRVIN** | § | |
| **and DAVID IRVIN,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **v.** | § | **201ST JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **CLIFFORD SMITH &** | § | |
| **UNITED PARCEL SERVICE, INC.** | § | |
| **Defendants.** | § | **TRAVIS COUNTY, TEXAS** |

### PLAINTIFFS' ORIGINAL PETITION AND
### REQUESTS FOR DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiffs, ANGEL IRVIN, Individually and as Next Friend of MCKAYLA IRVIN AND DAVID IRVIN, complaining of CLIFFORD SMITH & UNITED PARCEL SERVICE, INC., (hereinafter 'UPS'), and files this Plaintiffs' Original Petition and Request for Discovery and for cause of action would respectfully show the Court as follows:

### I.
### DISCOVERY LEVEL

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.1, Plaintiff intends to conduct discovery in this case under Level 3 as prescribed by TEXAS RULE OF CIVIL PROCEDURE 190.4.

### II.
### PARTIES & SERVICE OF CITATION

Plaintiff, ANGEL IRVIN, Individually and Next Friend of MCKAYLA IRVIN and DAVID IRVIN, are individuals and residents of Killeen, Bell County, Texas, at the time

*Plaintiffs' Original Petition and Discovery Requests*
Page 1 of 23



of the events made the basis of this suit.

Defendant, CLIFFORD SMITH, is an Individual and resident of El Paso County, 533 N. Wahshatch, Colorado Springs, Colorado 80903. Service of Process may be obtained on CLIFFORD SMITH, by serving his agent of process, the Chair of the Texas Transportation Commission, with two copies of the Petition at: Tyron D. Lewis, Chairman Texas Transportation Commission, 125 East 11th Street, Austin, Texas, 78701-2483.

Defendant, UNITED PARCEL SERVICE, INC., is a foreign corporation doing business in the State of Texas. Service of Process may be obtained on UNITED PARCEL SERVICE, INC. by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 East Seventh Street, Suite 620, Austin, Texas 78701 at the above-listed address via private process server.

### III.
### JURISDICTION

Jurisdiction is proper in this Court because Plaintiffs are entitled to damages in excess of the minimum jurisdiction of this Court. Specifically, Plaintiffs seeks monetary relief of over one million dollars ($1,000,000.00).

### IV.
### VENUE

Pursuant to Section 15.002(A)(2) of the TEXAS CIVIL PRACTICE & REMEDIES CODE, venue is proper in Travis County because it is the county because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## V.
## FACTUAL BACKGROUND

Plaintiffs, ANGEL IRVIN, Individually and Next Friend of MCKAYLA IRVIN AND DAVID IRVIN, bring this suit to recover damages for personal injuries sustained as a result of a motor-vehicle collision which occurred on or about January 27, 2016.  On or about said date, Plaintiffs were traveling northbound in the State Highway 130, Travis County, Pflugerville, Texas.  At the same time, Defendant, CLIFFORD SMITH, was traveling behind Plaintiffs.   Traffic slowed down due to afternoon congestion. Defendant, CLIFFORD SMITH, stated he looked down towards his cell phone and as he looked up he saw Plaintiffs vehicle in front of him.  Suddenly and without warning, Defendant, CLIFFORD SMITH, failed to maintain his speed and maintain safe assured clear distance from Plaintiffs' vehicle, and collided with Plaintiffs' vehicle.  The collision caused immediate injury, harms and damages to Plaintiffs.  At all times relevant, Defendant, CLIFFORD SMITH was acting within the course and scope of his employment with, and in furtherance of the business of, Defendant, UPS.

## VI.
## NEGLIGENCE OF CLIFFORD SMITH

At the time of the collision described above, Defendant, by various acts and omissions, failed to exercise ordinary care while operating his motor vehicle and/or acted with conscious indifference or reckless disregard for the safety of others.  These acts and omissions include the following, each of which singularly, or in combination with others, constitute acts of negligence that were a direct and proximate cause of the occurrence in question and the resulting injuries and damages Plaintiff suffered as set forth herein:

a.  Failure to control speed;

b.  Use of a handheld portable device and/or cellular phone while driving;

c.  Failure to yield the right-of-way;

d.  Failure to keep a proper lookout;

e.  Failure to make timely and proper application of brakes to avoid the collisions in question;

f.  Failure to maintain safe assured clear distance from Plaintiffs' vehicle;

g.  Failure to exhibit proper and prudent driver attention;

h.  Failure to take proper evasive actions to avoid the collision; and

i.  Driving with conscious indifference or reckless disregard for the safety of others.

## VII.
## RESPONDEAT SUPERIOR

Plaintiff alleges that Defendant UPS is responsible for the acts and/or omissions of its employees, agents, and servants under the Doctrine of Repondeat Superior.  Under said Doctrine, UPS is responsible for all damages resulting from the negligent acts and/or omissions of its employees, agents, and servants as said employees were acting within the course and scope of their employment, including Defendant, CLIFFORD SMITH.

## VIII.
## NEGLIGENCE - UNITED PARCEL SERVICE, INC.

*Negligent Entrustment*

Without waiving the aforementioned, in conjunction with, additionally and/or alternatively, Plaintiffs would further show this Court that on the date of the incident complained of herein, UPS entrusted its vehicle to a reckless and/or incompetent Defendant, CLIFFORD SMITH. UPS knew, or should have known, that Defendant, CLIFFORD SMITH, was reckless and/or incompetent. As described above, Defendants acts and omissions on the date of the incident complained of herein constituted

negligence and were the proximate cause of Plaintiffs' injuries.

***Negligent Training***

Plaintiffs would also show that Defendant UPS, while maintaining a policy against cell phone use while using a cellular phone while operating a vehicle in the course and scope of employment, failed to properly train, Defendant Clifford Smith on this policy.  Defendant UPS knew or should have known that Defendant Clifford Smith would operate his cell phone throughout the day for purposes of work and as such it was foreseeable that he would do so while operating a vehicle for Defendant UPS.  As described above, Defendants acts and omissions on the date of the incident complained of herein constituted negligence and were the proximate cause of Plaintiffs' injuries.

## IX.
## <u>GROSS NEGLIGENCE – CLIFFORD SMITH</u>

At the time of the incident in question, Defendant was driving in such a manner and under such a condition as to create an extreme risk by his reckless disregard of the rights, welfare, and safety of other motorists, pedestrians and other persons. Specifically, Defendant driver, while in the course and scope of his employment, was utilizing a handheld portable device (cellular telephone).  Although aware of this risk, Defendant's actions demonstrate a conscious indifference to the rights, welfare, and safety of other motorists, pedestrians and other persons. Although aware of the risk to the rights, welfare and safety of other motorists, Defendant disregarded said risks. Such conduct demonstrates a conscious indifference to the rights, welfare, and safety of other motorists, pedestrians and other persons. The malice demonstrated by such conduct was a proximate cause of the damages to Plaintiff and therefore, Plaintiff is entitled to recover punitive damages.

## X.
## DAMAGES

Plaintiffs would show that, as a direct and proximate result of the above-mentioned incident, Plaintiffs sustained significant personal injuries and damages, including but not limited to the following:

    a.   Past and future physical pain and suffering;

    b.   Past and future lost wages;

    c.   Past and future loss of earning capacity;

    d.   Past and future mental anguish;

    e.   Past and future disfigurement;

    f.   Past and future medical expenses;

    g.   Past and future physical impairment; and

    h.   Past and future loss of enjoyment of life.

## XI.
## PRAYER

WHEREFORE, Plaintiffs request that Defendants be cited to appear and answer and that on final hearing Plaintiffs have judgment against Defendants for an amount within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as provided by law, costs of court and for such other and further relief, at law or in equity to which Plaintiffs are justly entitled.

## XII.
## REQUEST FOR DISCLOSURE

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, you are requested to disclose, within fifty (50) days of service of this request, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2.

## XIII.
## REQUEST FOR ADMISSIONS

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 198, you are requested to answer, within fifty (50) days of service of this request, the following Requests for Admissions.

### Definitions

For purposes of the following Requests, the following definitions apply:

"You," "Your," and "Defendant" means and refers to the named Defendant answering these requests.

"Incident in Question" means and refers to the collision referred to in Plaintiffs' Original Petition.

"Vehicle" refers to the automobile driven by CLIFFORD SMITH, involved in the Incident in Question.

### Requests

1. Admit that this collision occurred on January 27, 2016, in Travis County, Texas.

2. Admit that on January 27, 2016, CLIFFORD SMITH, was involved in a collision with the vehicle operated by Plaintiff.

3. Admit that Defendant CLIFFORD SMITH was operating the vehicle in the course and scope of employment for UPS at the time of the Incident in Question.

4. Admit that CLIFFORD SMITH was driving the vehicle

5. Admit the UPS paid for the rental vehicle driven by CLIFFORD SMITH

6. Admit that UPS reimbursed CLIFFORD SMITH for expenses accrued for the rental of the vehicle.

7. Admit that CLIFFORD SMITH was in Pflugerville for the furtherance of UPS's business.

8. Admit that CLIFFORD SMITH had moving violations prior to the Incident in Question.

9. Admit that you were aware that CLIFFORD SMITH had moving violations prior to the Incident in Question

10. Admit that CLIFFORD SMITH had previous motor vehicle collisions before the Incident in Question.

11. Admit that you were aware that CLIFFORD SMITH had previous motor vehicle collisions before the Incident in Question.

12. Admit that CLIFFORD SMITH failed to maintain safe assured clear distance from Plaintiffs' vehicle, and collided with Plaintiffs' vehicle at the time of the Incident in Question.

13. Admit that CLIFFORD SMITH's failure to maintain safe assured clear distance from Plaintiffs' vehicle was a cause of the Incident in Question.

14. Admit that CLIFFORD SMITH's failed to control his speed at the time of the Incident in Question.

15. Admit that CLIFFORD SMITH's failure to control his speed was a cause of the Incident in Question.

16. Admit that CLIFFORD SMITH failed to keep a proper lookout at the time of the Incident in Question.

17. Admit that CLIFFORD SMITH's failure to keep a proper lookout was a cause of the Incident in Question.

18. Admit that CLIFFORD SMITH failed to exercise ordinary care at the time of the Incident in Question.

19. Admit that CLIFFORD SMITH's failure to exercise ordinary care was a cause of the Incident in Question.

20. Admit that the Vehicle was in proper working condition the day of the Incident in Question.

21. Admit that there was no mechanical condition/defect on Vehicle at the time of the incident that contributed to the cause of the collision.

22. Admit that Plaintiff has incurred medical expenses as a result of the Incident in Question.

23. Admit that Plaintiff has experienced pain and suffering as a result of the Incident in Question.

24. Admit that Plaintiff will experience future pain and suffering as a result of the Incident in Question.

25. Admit that your negligence was a proximate cause of the Incident in Question.

26. Admit that CLIFFORD SMITH's negligence was a proximate cause of the Incident in Question.

27. Admit that your negligence resulted in Plaintiffs' injuries, pain, suffering, and incurred medical expenses.

28. Admit that CLIFFORD SMITH's negligence resulted in Plaintiffs' injuries, pain, suffering, and incurred medical expenses.

29. Admit that the collision was not a result of a sudden emergency.

30. Admit that the collision was avoidable.

31. Admit that CLIFFORD SMITH owed a duty to Plaintiff to operate the vehicle safely.

32. Admit that CLIFFORD SMITH owed a duty to Plaintiff to operate the vehicle competently.

33. Admit that CLIFFORD SMITH owed a duty to Plaintiff to avoid operating the vehicle recklessly.

34. Admit that weather conditions were not a factor contributing to the collision.

35. Admit that road conditions were not a factor contributing to the collision.

36. Admit that Plaintiffs' actions at the time of the collision were prudent and reasonable.

37. Admit that Plaintiff committed no act or omission that proximately caused or contributed to the collision in question.

38. Admit that CLIFFORD SMITH was employed at the time of the collision.

39. Admit that CLIFFORD SMITH was employed by you at the time of the collision.

40. Admit that CLIFFORD SMITH was acting within the course of employment with you at the time of the collision.

41. Admit that CLIFFORD SMITH was acting within the scope of employment with you at the time of the collision.

42. Admit that CLIFFORD SMITH was acting within the course and scope of employment with you at the time of the collision.

43. Admit that CLIFFORD SMITH had been drinking alcohol within the four (4) hours prior to the collision.

44. Admit that you were aware that CLIFFORD SMITH had been drinking alcohol within the four (4) hours prior to the collision.

45. Admit or Deny that a Delivery Information Acquisition Device ("DIAD") was onboard the Vehicle on the date of the Incident in Question.

46. For CLIFFORD SMITH, Admit that you received medical treatment during the year prior to the date of the Incident in Question.

47. For CLIFFORD SMITH, Admit that you were seen by a medical provider during the year prior to the date of the Incident in Question.

## XIV.
## REQUEST FOR PRODUCTION

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 196, you are requested to produce, within fifty (50) days of service of this request, the following information. Demand is hereby made for supplementation of the Defendants' responses to this Request for Production as required by TEXAS RULE OF CIVIL PROCEDURE 193.5.

### Definitions & Instructions

For purposes of the following Requests, the following definitions and instructions apply:

"You", "Your" and "Defendant" means and refers to the named Defendant answering the request, as well as your attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

"Collision in Question" means and refers to the collision described in Plaintiffs' Original Petition.

"Vehicle in Question" means and refers to the vehicle driven by CLIFFORD SMITH, involved in the Collision in Question.

"Document" means and includes writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents sent outside your organization to any source as well as documents intended for internal use.

The term also includes communications not only in words, but in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems.  If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memoranda recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

"Custodian" means the person or entity with care, custody, control of the item or document that is subject of inquiry.  A request to identify the custodian of any item or document is a request to provide the name, address, and telephone number of said custodian.

"Photograph" means and includes any motion picture, still picture, transparency, videotape, drawing, sketch, electronic image, negatives or any other recording of any non-verbal communication in tangible form.

You are not asked to divulge or provide any information or documents which are privileged in nature.  However, for each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information.  State the specific grounds for the claim or privilege or other ground for exclusion.

If a requested document once was but is no longer in the possession, custody or control of Defendant or any of its representatives, state what disposition was made of such document.

If any of these requests cannot be responded to in full, please respond to the extent possible, specifying the reason for Defendant's inability to fully respond, and stating whatever information or knowledge Defendant has concerning the portion to which Defendant cannot fully respond.

Pursuant to *Overall v. Southwestern Bell Yellow Pages*, a party is required to send the documents to the requesting party along with a copy of the response.  Unless there are thousands of documents, a party is not permitted to merely make documents available at a specific location. 869 S.W.2d 629 (Tex. App.–Houston [14th Dist.] 1994).

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7, Defendants are hereby notified that Plaintiffs reserve the right to use at trial any and all documents Defendants produce in response to this and any other discovery request.

## Requests for Production

1.    Any and all photographs or other electronic images that contain images of the underlying facts or that Defendants intend to offer into evidence at trial.

2.    Any and all photographs, movies, videotapes or other visual reproductions that Defendants have of the parties, persons with knowledge of relevant facts, the facilities, mechanisms or items involved, or scene of the Collision in Question.

3.    Copies of any and all traffic tickets, warnings issued, criminal charges, and/or regulatory violations charged or filed against CLIFFORD SMITH.

4.    All documents regarding any medication CLIFFORD SMITH was taking during the month before, and including the day of, the incident made the basis of this lawsuit.

5.    All documents, invoices, receipts or records regarding all cellular, mobile or any other electronic device owned or used by CLIFFORD SMITH, to include devices issued by Defendant, on the date of the incident made the basis of this lawsuit.

6.    Copies of any and all of Defendant's policies, procedures, and programs concerning:

    a.    Driver and Fleet Safety
    b.    Driver Standards
    c.    Mechanic Standards
    d.    Dispatch Standards
    e.    Driver compensation
    f.    Hiring and retention of drivers
    g.    Training of drivers
    h.    Monitoring drivers
    i.    Termination and discipline of drivers and/or employees

7.    A copy of any contract of employment that would govern Defendants' relationship with any other entity or bear on the issue of "course and scope of employment."

8.    Copies of any and all statements made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by Plaintiff and any stenographic, mechanical, electrical or other type of recording or any transcription thereof.

9.      Any written, taped or mechanically reproduced statement made of any Defendant or Plaintiff.

10.     Any and all statements made by the Defendants regarding the Collision in Question to his/her insurance company, its employees, agents, independent contractors, adjusters, or representatives, not including statements made to Defendant's attorney.

11.     Any and all drawings, surveys, plats, maps or sketches of the scene of the Collision in Question.

12.     Any document, photographs, or other physical evidence that will be used or offered at trial.

13.     All documents and tangible things (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, and data compilations) that constitute or contain matters relevant to the subject matter of the action.

14.     The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Collision in Question generated or obtained by Defendant, Defendants' agents, or Defendants' insurers in the ordinary course of business.

15.     The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Collision in Question generated or obtained by Defendants, Defendants' agents, or Defendants' insurers before Plaintiff filed Plaintiffs' Original Petition with the court.

16.     Please produce any and all correspondence, communications, letters, notes of oral conversations, and all other documents or writings sent to or received from or exchanged by and between you and your insurance carrier concerning the subject matter of the lawsuit, including, but not limited to, any damage to you, the vehicle in which you were riding, damage to any personal property, and any personal injuries.

17.     All documents, correspondence, memoranda, notes, or e-mails regarding communications between your insurance company and the Plaintiffs' insurance company, regarding the Collision in Question and/or Plaintiff.

18.     A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the Collision in Question including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

19.  A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which may provide coverage to satisfy all or part of any judgment which may be rendered in this litigation including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

20.  Any documents, reports, photographs, or other written records pertaining to any investigation of the Collision in Question.

21.  All documents regarding all other claims being currently made against Defendant's insurance policies for the Collision in Question other than by Plaintiff.

22.  Any and all settlement agreements, deals, contracts, understandings, "Mary Carter" agreements, or compromises between you or your representatives and any other party, potential party, or potential third party defendant to this suit or its representatives, agents, or insurers regarding any compromise, settlement, apportionment of liability or financial responsibility, contingent or otherwise, or alignment of the parties on any issue with respect to:

    a.  The Collision in Question;
    b.  Plaintiffs' damages;
    c.  The presentation of any testimony;
    d.  Whether or how to conduct any cross-examination;
    e.  The performance of discovery; and/or
    f.  The presentation of any defense, excuse, or inferential rebuttal.

23.  Copies of any document or statement that any witness of Defendants will use or you anticipate may use to refresh his or her memory, either for deposition or trial.

24.  Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at trial.

25.  Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you do not intend to offer into evidence at the trial of this case, but which may be used as demonstrative evidence at trial.

26.  Any information relating to any arrest or conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of relevant facts named in discovery information provided by or to you before trial.  Please include the name of the person convicted, the offense for which he or she was arrested or convicted, the year of such arrest or conviction, the court of such conviction, and the disposition of the case or allegation.

27.     Any and all calendars, journals, diaries, logs, or notes kept by Defendants covering the month of the Collision in Question.

28.     All documents regarding Plaintiffs' employment history, status, performance, or compensation obtained by Defendants via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

29.     All documents regarding Plaintiffs' medical status, treatment or history obtained by Defendant via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

30.     All documents regarding Plaintiffs' financial status, earnings history, and tax payment history obtained by Defendant via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

31.     All documents regarding Plaintiffs' claims history obtained by Defendants via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

32.     All documents, records, reports, notations, or memoranda regarding Plaintiff from persons or entities that compile claim information, to include but not limited to, insurance claims, unemployment claims, social security claims, and worker's compensation claims.

33.     All statements or documents that show the identity of any witness to the Collision in Question, or any person with knowledge of relevant facts concerning the Collision in Questions, the events leading up to it, or any damage sustained by Plaintiff.

34.     All documents and tangible things which support your contention that:

    a.      any act or omission on the part of Plaintiff caused or contributed to the Collision in Question;
    b.      any factor, other than a. above, contributed to or was the sole cause of the Collision in Question, including but not limited to, acts or omissions of negligence of any other party or parties, or potential third-party Defendants, sudden emergency, unavoidable collision, mechanical defect, or act of God;
    c.      any factor caused or contributed to the Plaintiffs' damages, including but not limited to, pre-existing or subsequently existing physical or medical condition or conditions of Plaintiff;
    d.      any or all of the medical expenses incurred by Plaintiff for treatment of injuries allegedly resulting from the Collision in Question were not reasonable and/or necessary;
    e.      Plaintiffs' injuries were not the result of or caused by the Collision in Question.

35.     Any records or documentation (medical or non-medical) which would indicate that you had alcohol and/or drugs (including prescription or non-prescription, legal or illegal) in your bloodstream or urine at the time or immediately following the Collision in Question.

36.     Any records or documentation (medical or non-medical) which would indicate that you were a regular user of marijuana within one (1) year preceding the Collision in Question.

37.     Any records or documentation (medical or non-medical) which would indicate that you were a regular user of any illegal substance within one (1) year preceding the Collision in Question.

38.     Copies of any and all Vehicle registrations and titles, state permits, purchase orders and specifications for the Vehicle.

39.     Copies of any and all collision reports for collisions in which the Vehicle was involved including the Collision in Question.

40.     Copies of any and all repair orders, damage estimates, appraisals, and maintenance records for the Vehicle for the six (6) months preceding the Collision in Question through three months after the Collision in Question.

41.     Copies of CLIFFORD SMITH's current and past driver's licenses, front and back.

42.     All published documents, treatises, periodicals or pamphlets on the subject of medicine, collision reconstruction, any engineering field, and any other area of scientific study that you claim to be a reliable authority which may be used by you at trial.

43.     All published documents, treatises, periodicals or pamphlets on the subject of medicine, collision reconstruction, any engineering field, and any other area of scientific study that any testifying expert claims to be a reliable authority which may be used by you at trial.

44.     All published documents, treatises, periodicals or pamphlets on the subject of medicine, collision reconstruction, any engineering field, and any other area of scientific study that any testifying expert has relied, or will rely, upon to support their opinions and mental impressions.

45.     All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

46. All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards that any of your testifying experts have relied, or will rely, upon to support their opinions and mental impressions.

47. All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards that any of your testifying experts claim to be reliable authority which may be used at the time of trial.

56. Any documents, reports, memorandums, correspondences, notices, or any other written instrument evidencing any violation of any company rule, regulation, policy, handbook, contract, or agreement between CLIFFORD SMITH and UNITED PARCEL SERVICE, INC.

57. Any documents, reports, memorandums, correspondences, notices, or any other written instrument evidencing any disciplinary action taken against CLIFFORD SMITH for any violation of any rule, regulation, policy, handbook, contract, or agreement between CLIFFORD SMITH and UNITED PARCEL SERVICE, INC.

58. Any documents, transcripts, communications, emails, letters, memos, correspondences, records or written instruments related to any arbitration between Defendant's Insurance representatives, agents, adjusters, or employees, and Plaintiff's Insurance representatives, agents, adjusters, or employees.

59. Any and all written documents, reports, notices, memorandums, emails, correspondence, lists, or electronically stored information that references wrecks or collisions in Texas involving any vehicle owned by Defendant for the year prior to the date of the Incident in Question.

60. Produce the cellular provider records for the date of the Incident in Question for the cellular phone, or other wireless communications device in use, carried by, or otherwise present in the Vehicle on the date of the Incident in Question.

61. Produce all records, reports, memorandums, emails, correspondences, letter, documents and notices produced by the Service Provider Training School related to Defendant, CLIFFORD SMITH.

62. Produce all records, exams, reports, memorandums, emails, correspondences, letter, document, and notices produced that evidence the policies and procedures taught to Defendant CLIFFORD SMITH at the Service Provider Training School.

## XV. INTERROGATORIES

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 197, you are requested to answer,

within fifty (50) days of service of this request, the following Interrogatories.

## Preliminary Statement

1.   The following interrogatories are to be answered separately and fully, by furnishing all information in your possession, custody or control, including all information to which you have a superior right to compel from a third party, such as your agent, authority, or representative.

2.   You are to answer the interrogatories under oath. Your attorney in this case is not allowed to sign or swear to the answers you have made to the interrogatories.

3.   You and your attorney are under a duty to supplement your answers to these interrogatories by amending your answers if you obtain information upon the basis of which you know that the answer was incorrect when made or you know that the answer is no longer true, even though it was correct when made.

4.   Whenever an interrogatory requests the identification of a document or documents, please set forth where the document exists, the name and address of its custodian, a description of its contents, including its author, date, and addresses, the number of pages it contains, and all attachments to the original document.

5.   If the answer to any interrogatory may be derived or ascertained from your business records, and the burden of deriving the answer would be substantially the same for Plaintiffs and you, you may specify the records from which the answer may be obtained.

## Definitions & Abbreviations

Plaintiff sets forth the following definitions or abbreviations of various words and phrases that are contained in the Interrogatories. Plaintiff provides the following definitions and abbreviations for the purpose of clarifying the meaning of various words and phrases contained herein in order to expedite discovery, i.e., (1) to help the Defendants fully and accurately understand the objectives of Plaintiffs' discovery efforts and (2) to simplify and assist the Plaintiff in Plaintiffs' efforts to locate and furnish the relevant information and documents. It is expressly stipulated and agreed by Plaintiff that an affirmative response on the part of Defendants will not be construed as an admission that any definition or abbreviation contained hereto is either factually correct or legally binding on Defendants.

**A. DEFENDANT:**   As used herein, the term "Defendant" means the named Defendant answering the request, his/her representatives, agents, and counsel.

**B. MULTIPLE PART ANSWERS:** Where an individual interrogatory calls for an answer which involves more than one part or subpart, each part of the answer should be set

forth separately so that it is clearly understandable and responsive to the respective interrogatory or subpart thereof.

**C. YOU OR YOUR:** Where the term "you or your" is used in the interrogatories or instructions, it is meant to include the person(s) referenced in definition "A" above.

**D. WRITING OR WRITTEN:** The term "writing" or "written" are intended to include, but not necessarily be limited to the following:  hand writing, type writing, computer printouts, printing, photograph, and every other means of recording upon any tangible thing or any form of communication, including letters, words, pictures, sounds or symbols or combinations thereof; and they further include any oral communication later reduced to writing or confirmed by a letter.

**E.  DOCUMENT(S):** "Documents." The term "documents" shall mean writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents sent outside your organization to any source as well as documents intended for internal use.

The term also includes communications not only in words, but also in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

**F.  PERSON:**  "Person" as used herein means an individual, corporation, partnership, association, trust, governmental entity, and any otherwise described entity.

**G. PERSON(S) IDENTITY:**  When an interrogatory requests that you identify a person please state:

1. His or her full name;
2. His or her present or last known address;
3. His or her present employers name and address; and
4. His or her occupational position or classification.

**H. "IDENTIFY" or "IDENTIFICATION":**

1.  As to a person: When used in reference to a person or individual, the terms "identify" or "identification" mean to state his/her full name, address, and telephone number.

2.  As to an entity: The terms "identify" or identification" when used in reference to an entity such as a corporation, partnership or association, mean to state the name of the entity, its business address, telephone number, and name of its chief executive officer and the agent for service of process.

3.  As to a document: When used in reference to a document, the terms "identify" or "identification" shall include the following:
    a.  The title, heading or caption of such document.
    b.  The date appearing on such document; or if no date appears, the approximate date on which the document was prepared.
    c.  A general description of the document.
    d.  The name of the person who signed the document or statement that it was unsigned.
    e.  Name of the person or persons who prepared the document.
    f.  Name of the person or persons to whom the document was addressed and to whom the document was sent.
    g.  The physical location of the document.

4.  As to a statement: When used in reference to a statement, the terms "identify" or "identification" shall include who made the statement, who took or recorded it, and all others, if any, present during the making thereof; to state when, where and how it was taken or recorded, and to identify who was present or last known possession, custody or control thereof.

5.  To any other tangible thing: When used in reference to any other tangible thing, the terms "identify" or "identification" mean to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody or control thereof.

**I. COLLISION IN QUESTION:**   The term "collision" or "collision in question" or similar reference as used herein refers to the Collision or Collision in Question described in Plaintiffs' Original Petition, unless otherwise defined herein, and which forms the subject matter in this suit.

**J. "STATEMENTS"** includes any written or graphic statement signed or otherwise adopted or approved by the person making it and any stenographic, mechanical, electrical, or other recordings, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

**K.   VEHICLE IN QUESTION:**   The term "vehicle in question" means the vehicle driven by TRAVIS KYLE VOLNEY at the time of the incident in question.

### Interrogatories

1. For CLIFFORD SMITH, state his full and complete name, any nicknames he has used, or been known by, date of birth, social security number, his present home address, telephone number and, if different, his complete home address and telephone number at the time of the collision in question.

2. For UNITED PARCEL SERVICE, INC., is Defendant incorporated under the laws of any state or foreign country or is the Defendant's organization (company, corporation and etc.) a wholly owned subsidiary of another legal entity? If so, please state the name and address of the legal entity and the following information:

   a.   The state and/or county of registration;
   b.   The address of its principal place of business or registered office;
   c.   The date of commencement of business by the corporation;
   d.   The business in which it is authorized to engage; and
   e.   Legal status.

3. Please state the complete name, address and telephone number of CLIFFORD SMITH's present employer indicating the date of employment, present job position, and description.

4. Did Defendant and/or CLIFFORD SMITH make a report in writing to any other person or organization in reference to the collision in question?  If so, please state:

   a.   The identity of the person preparing each such report;
   b.   The identity of the person(s) or organization(s) for which the report(s) were prepared; and
   c.   The identity of the present custodian of copies of each such report.

5. At the time the collision in question occurred, was CLIFFORD SMITH employed?  If so, please state the following as to such employment:

   a.   The identity of each employer, including their complete name(s) and address(es);
   b.   The identity of the person who was CLIFFORD SMITH's immediate supervisor in reference to services you performed;
   c.   The beginning and ending dates of CLIFFORD SMITH's employment or present status of employment; and
   d.   What CLIFFORD SMITH's job position and duties were with respect to each employment.

4. Please list each state that has issued CLIFFORD SMITH a motor vehicle driver's license in the last ten (10) years, including those licenses that may have now expired or been canceled, withdrawn, suspended, surrendered, or revoked, listing the name of each issuing state and the approximate date of issuance and status for each license held.

5. If CLIFFORD SMITH has entered a guilty plea to any offense or have been convicted of a felony or a crime involving moral turpitude within the last ten (10) years, identify any such offense or crime by its nature, date of the guilty plea or conviction, penalty assessed, and the county and state wherein the offense or crime occurred.

6. Please state each and every address where CLIFFORD SMITH has resided in the last ten (10) years, setting forth the approximate dates of your residence at each such address.

6. List all traffic violations for which CLIFFORD SMITH has been cited during the past seven (7) years, including the date, city, county, state, offense alleged, and disposition of each such citation.

8. List all motor vehicle collisions in which CLIFFORD SMITH has been involved in the past seven (7) years, including the location, city, county, state, and any violations for which you were cited.

10. Please state the name, address, and telephone number of any expert(s) with whom you or your attorneys have consulted but whom you do not intend to call as an expert witness in this case or whom you have not decided to call as an expert witness in this case, but whose opinion(s) and/or impression(s) have been reviewed by any expert who is to be called as a witness at the trial of this case.

11. Identify by name and amount all intoxicating beverages, drugs, alcohol, and/or medications, prescription or otherwise, that CLIFFORD SMITH had taken or consumed within (24) twenty-four hours prior to the collision in question.

12. Describe in your own words how the collision in question occurred and state specifically and in detail what the claim or contention of the Defendant will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which this contention is based.

13. If you contend Plaintiffs' acts or omissions caused or contributed to the collision in question, or to their injuries, please describe the basis for your position, including any evidence or statements that support your position.

14. Identify by cause number, style, court, county, and state each lawsuit to which you have ever been a party, other than this lawsuit.

15. Give the dates, times and places together with the names and addresses of persons and organizations who have provided drug or alcohol counseling or treatment, marriage counseling, or personal counseling to CLIFFORD SMITH in the past ten (10) years.

16. Specify all mechanical or other defects, if any, of the vehicle CLIFFORD SMITH was driving which caused or contributed to the collision made the basis of this suit, including, but not limited to, all components of the vehicle which were inoperable, defective or otherwise in need of repair.

17. State where CLIFFORD SMITH had been just prior to the collision, where CLIFFORD SMITH was going at the time of the collision and the purpose of the trip that CLIFFORD SMITH was on at the time of the collision made the basis of this suit.

18. Please describe in general detail, the nature of CLIFFORD SMITH'S trip to the Pflugerville and surrounding areas, to include its relationships to his position with UPS.

19. State the speed of the vehicle at all times material to the collision in question, including specifically CLIFFORD SMITH's speed at the time of impact and, if CLIFFORD SMITH's brakes were engaged at the time of impact, please state CLIFFORD SMITH's speed before applying the brakes.

20. Please identify all medical providers that Defendant CLIFFORD SMITH sought out or received treatment from, including all primary care physicians, during the five years prior to the date of the incident in question.

21. Identify your cellular provider and state your cell phone number for any cellular phone or any other wireless device in use, carried by, or otherwise present in the Vehicle on the date of the Incident in Question.

Respectfully Submitted,

THE CARLSON LAW FIRM, P.C.
100 East Central Texas Expressway
Killeen, Texas 76541
(254) 526-5688
FAX (254) 526-8204

By: /s/ Scott R. Crivelli
Scott R. Crivelli
SBN: 24081713
scrivelli@carlsonattorneys.com
**ATTORNEYS FOR PLAINTIFFS**

CRAIG W. CARLSON †∑
STEVEN N. WALDEN ··'
JARED STENBERG 1971 – 2010
EDNA G. ELIZONDO
VICKI L. CARLSON
ROBERT L. RANCO
MICHAEL G. ERSKINE
DREW GIBBS
JULIE PESCHEL
SCOTT R. CRIVELLI "
L. TODD KELLY ˅'
NATHAN P. KENNEDY Ω

KATHRYN L. KNOTTS
SAVANNAH N. STROUD
RENEE M. KUHL
STEPHEN S. DUMMITT
DOMINIC M.V. BRAUS
ROBBYE D. BRYAN
ROBERTO FLORES
EMILY M. YOUNG
KIARA Y. MARTINEZ
JAIME M. LYNN
REKHA AKELLA
JOSHUA CROWLEY
KYLE GRAVES
CYNTHIA NEVAREZ DE SANTIAGO
JOE CRAVEN
JOHN T. MCNEFF
MARC-ANTHONY P. HANNA
TIMOTHY ROEHRS
TERRIA HUTCHINSON
RACHAEL K. JONES
J.T. BORAH

BRANTLEY WHITE ╪

AUSTIN
SOUTH AUSTIN
BRYAN/COLLEGE STATION
KILLEEN
LAREDO
ROUND ROCK
SAN ANTONIO
SOUTH SAN ANTONIO
TEMPLE
WACO

* BOARD CERTIFIED
PERSONAL INJURY TRIAL LAW
BY THE TEXAS BOARD OF LEGAL
SPECIALIZATION

** BOARD CERTIFIED
FAMILY LAW
BY THE TEXAS BOARD OF LEGAL
SPECIALIZATION

╪ OF COUNSEL

LICENSED IN
† TEXAS & NEBRASKA
· TEXAS & GEORGIA
" TEXAS & NEW YORK
Ω TEXAS & COLORADO
∑ ARKANSAS FEDERAL COURT
˅ TEXAS, OKLAHOMA, VIRGINIA
& PENNSYLVANIA

ALL OTHER ATTORNEYS
ARE LICENSED IN TEXAS

# THE CARLSON LAW FIRM, P.C.

100 E. CENTRAL TEXAS EXPY
KILLEEN, TEXAS 76541
PHONE (254) 526-5688
FAX (254) 526-8204

July 24, 2017

VIA E-FILE
TRAVIS County District Clerk
Attn: Ms. Velva L. Price
1000 Guadalupe Street
Austin, TX 78701
P.O. Box 1748
Austin, TX 78767

**Re:**   *IRVIN V. SMITH, ET AL.*

Dear Ms. Price:

Please find attached Plaintiff's Original Petition and First Discovery requests. Additionally, please issue the following citation and deliver with a copy of the file-marked Petition to our office listed above:

1. Defendant, CLIFFORD SMITH, at 533 N. Wahshatch, Colorado Springs, Colorado 80903. Service of Process may be obtained on CLIFFORD SMITH, by serving his agent of process, the Chair of the Texas Transportation Commission, with two copies of the Petition at: Tyron D. Lewis, Chairman Texas Transportation Commission, 125 East 11th Street, Austin, Texas, 78701-2483, or wherever he may be found.
2. Defendant, UNITED PARCEL SERVICE, INC., registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 East Seventh Street, Suite 620, Austin, Texas 78701, at the above-listed address via private process server, 78701-2483, or wherever found.

Thank you for your assistance. Should you have any questions, please contact me at (254) 526-5688.

Very truly yours,

*/s/ Scott R. Crivelli*
Scott R. Crivelli

SC2/aw

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED ANGEL IRVIN, INDIVIDUALLY AND AS NEXT FRIEND OF MCKAYLA IRVIN AND DAVID
IRVIN V. CLIFFORD SMITH & UNITED PARCEL SERVICE, INC.
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Scott Crivelli | Email:<br>scrivelli@carlsonattorneys.com | Plaintiff(s)/Petitioner(s):<br><br>Angel Irvin, Individually and as Next Friend of McKayla Irvin and David Irvin | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____ |
| Address:<br>100 East Central TX EPWY | Telephone:<br>254-526-5688 | | Additional Parties in Child Support Case:<br><br>Custodial Parent:<br>_____ |
| City/State/Zip:<br>Killeen, TX 76541 | Fax:<br>254-526-8204 | | Non-Custodial Parent:<br>_____ |
| Signature:<br><br>_____ | State Bar No:<br>24081713 | Defendant(s)/Respondent(s):<br><br>Clifford Smith & United Parcel Service, Inc.<br>_____<br>_____<br>_____<br><br>[Attach additional page as necessary to list all parties] | Presumed Father:<br>_____ |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| | | | | **Post-judgment Actions (non-Title IV-D)** |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | ☐Enforcement |
| *Debt/Contract* | ☐Assault/Battery | ☐Eminent Domain/ | ☐Annulment | ☐Modification—Custody |
| ☐Consumer/DTPA | ☐Construction | Condemnation | ☐Declare Marriage Void | ☐Modification—Other |
| ☐Debt/Contract | ☐Defamation | ☐Partition | *Divorce* | **Title IV-D** |
| ☐Fraud/Misrepresentation | *Malpractice* | ☐Quiet Title | ☐With Children | ☐Enforcement/Modification |
| ☐Other Debt/Contract: | ☐Accounting | ☐Trespass to Try Title | ☐No Children | ☐Paternity |
| | ☐Legal | ☐Other Property: | | ☐Reciprocals (UIFSA) |
| *Foreclosure* | ☐Medical | | | ☐Support Order |
| ☐Home Equity—Expedited | ☐Other Professional | | | |
| ☐Other Foreclosure | Liability: | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| ☐Franchise | | ☐Expunction | ☐Enforce Foreign | ☐Adoption/Adoption with |
| ☐Insurance | ☒Motor Vehicle Accident | ☐Judgment Nisi | Judgment | Termination |
| ☐Landlord/Tenant | ☐Premises | ☐Non-Disclosure | ☐Habeas Corpus | ☐Child Protection |
| ☐Non-Competition | *Product Liability* | ☐Seizure/Forfeiture | ☐Name Change | ☐Child Support |
| ☐Partnership | ☐Asbestos/Silica | ☐Writ of Habeas Corpus— | ☐Protective Order | ☐Custody or Visitation |
| ☐Other Contract: | ☐Other Product Liability | Pre-indictment | ☐Removal of Disabilities | ☐Gestational Parenting |
| _____ | List Product: | ☐Other: _____ | of Minority | ☐Grandparent Access |
| | | | ☐Other: _____ | ☐Paternity/Parentage |
| | ☐Other Injury or Damage: | | | ☐Termination of Parental Rights |
| | | | | ☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination | ☐Administrative Appeal | ☐Lawyer Discipline | | |
| ☐Retaliation | ☐Antitrust/Unfair | ☐Perpetuate Testimony | | |
| ☐Termination | Competition | ☐Securities/Stock | | |
| ☐Workers' Compensation | ☐Code Violations | ☐Tortious Interference | | |
| ☐Other Employment: | ☐Foreign Judgment | ☐Other: _____ | | |
| | ☐Intellectual Property | | | |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐Guardianship—Adult |
| ☐Tax Delinquency | ☐Dependent Administration | ☐Guardianship—Minor |
| ☐Other Tax | ☐Independent Administration | ☐Mental Health |
| | ☐Other Estate Proceedings | ☐Other: _____ |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court | ☐Declaratory Judgment | ☐Prejudgment Remedy |
| ☐Arbitration-related | ☐Garnishment | ☐Protective Order |
| ☐Attachment | ☐Interpleader | ☐Receiver |
| ☐Bill of Review | ☐License | ☐Sequestration |
| ☐Certiorari | ☐Mandamus | ☐Temporary Restraining Order/Injunction |
| ☐Class Action | ☐Post-judgment | ☐Turnover |

**4. Indicate damages sought (*do not select if it is a family law case*):**

- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100,000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☒ Over $1,000,000

Rev 2/13

Unofficial copy Travis Co. District Clerk Velva L. Price